ANGEL, APPELLEE, *v.* LEECH ET AL., APPELLANTS.

(No. 601—Decided October 30, 1950.)

*Messrs. Miller & Miller,* for appellee.
*Messrs. Young & Young,* for appellants.

CARPENTER, J.  This is an action for damages to farm land alleged to have been caused by the defendants, Orlo W. Leech and Charles H. Leech.  A judgment for $350 for plaintiff against both defendants was entered upon a verdict of a jury.  From that judgment this appeal on questions of law was taken by both defendants.

The petition alleges that defendants "unlawfully entered plaintiff's close," a farm containing 108 acres, constructed a ditch about five feet deep across the southwest corner for a distance of about 400 feet, and otherwise "injured plaintiff's said land to plaintiff's damage."  On cross-examination, the plaintiff testified that title to the farm was in the name of his wife, Florence Angel, who was not a party to the action. Apparently the plaintiff was in possession of the farm and by reason of that relationship claimed the damage was to his possessory interest, and, except by their answer which is a general denial of all allegations in the

petition, the right of the plaintiff to maintain this action is not challenged.

In the submission of the issue of damages, the court charged as though the plaintiff was the owner of the land. This was error. The charge should have been as to the damages plaintiff sustained to his possessory rights in the farm, and there should have been some evidence as to what those rights were.

Adjoining the Angel farm to the south was the farm land of defendant Charles H. Leech, a physician, who then resided and practiced his profession in Lima, Ohio. The elevation of the Leech land was somewhat higher than that of the Angel farm, and its drainage was across the corner of that farm. On the Leech farm there was a ditch, a part of which to the southeast was tiled. This led into an open ditch which crossed the southwest corner of the Angel farm for about 400 feet.

Charles H. Leech desired to improve that open ditch on his land and across that of the Angels and another farm to the west owned by one Enzor. To that end he employed his brother, defendant Orlo W. Leech, who lived a few miles from these farms, to arrange with the neighbors, Angel and Enzor, for permission to go upon their farms and open that ditch. Following that direction, Orlo W. Leech conducted some negotiations with Angel and Enzor, and it was contended by Orlo W. Leech that consent of Angel was given. As agent for defendant Charles H. Leech, Orlo W. Leech employed an excavating contractor to open the ditch, which was done shortly thereafter with power-shovel equipment. This was the alleged trespass.

Angel contended that his consent to the construction of the ditch was conditioned upon the ditch on his land being a 12-inch tile covered ditch, but not an open

ditch. This dispute is the basic fact issue in the case.

At the close of plaintiff's evidence and at the close of all the evidence, defendants made appropriate motions, asking the court to require the plaintiff to elect against which of them he would proceed. These motions were overruled and the cause was submitted to the jury against both defendants, with the result as above stated.

It is undisputed that Orlo W. Leech was acting in this transaction solely as the agent for Charles H. Leech.

There was no evidence tending to prove that Charles H. Leech directed his agent to put in the open ditch without the consent of plaintiff, or that he ratified any such act. It does appear that Charles H. Leech paid the excavating contractor for its services, but it does not appear that he had any knowledge that the excavating was done without plaintiff's consent.

In the absence of some evidence tending to prove either direction or ratification, the liability of Charles H. Leech was predicated upon the principle of *respondeat superior*, and, under the evidence, the overruling of the last motion to require the plaintiff to elect whether he would proceed against the agent or the principal was prejudicial error. *Clark* v. *Fry,* 8 Ohio St., 358, 378; *French, Admr.,* v. *Central Construction Co.,* 76 Ohio St., 509, 515, 81 N. E., 751, 12 L. R. A. (N. S.), 669.

As authority for this principle, there is cited in the opinion in the *French case,* among others, the decision of *Warax* v. *Cincinnati, N. O. & T. P. Ry. Co.,* 72 F., 637. That opinion by Judge Taft was concurred in by Judge Lurton, when they were both members of the United States Circuit Court of Appeals. In that decision, this phase of the relationship of principal and agent and the liability of the principal is discussed at

length and the leading cases on the subject are cited and analyzed.

For the error in the charge on the issue of damages and the failure of the court to require the election above noted, the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

CONN and FESS, JJ., concur.